### John Hanscomb *vs.* Levi Russell.

Under the *St.* of 1820, *c.* 67, § 4, which enacts that the inhabitants of Charlestown "shall be prohibited and restricted from setting or continuing any net, seine or other fishing implement in" Little River or certain other streams, "only while actually dragging or drawing for fish," provided that this shall not deprive them of the right of setting and having one stationary net or seine in Little River between noon and midnight on any day on which they are allowed by law to fish there, an inhabitant of Charlestown cannot between midnight and noon set a standing net across the whole width of Little River, and keep it there while he is dragging another net to and fro, although it is impossible to fish with a standing net in any other manner.

The inhabitants of Somerville are subject to the restrictions imposed by the *Sts.* of 1788, *c.* 68, and 1820, *c.* 67, upon the inhabitants of Charlestown, of which Somerville was formerly part.

Action qui tam on the *St.* of 1820, *c.* 67, § 4, to recover a penalty for fishing in Little River in a mode prohibited by that statute.

At the trial in the superior court in Middlesex at September term 1859, the plaintiff offered evidence that on Friday, the 24th of April 1857, between the hours of ten and eleven o'clock in the forenoon, the defendant set a stationary net or stanner in

that river in Somerville, formerly part of Charlestown, thereby obstructing the passage of the fish up the stream, and then going fifteen or twenty rods down the stream, drew a drag net up to the stanner and emptied it, and continued so to do until afternoon, and during all that time kept the stanner over and across the stream. The defendant introduced evidence that in such work he was continuously and diligently employed; and that he and those who had occupied that fishing place before him had been accustomed to fish there in the same manner for more than twenty five years.

The plaintiff contended that the defendant could not lawfully continue his stationary net across the river, except while actually drawing or dragging for fish, and that the stationary net and drag net below must both be put into the stream at the same time. But *Vose*, J., instructed the jury, " that if the defendant was continuously engaged in fishing, or was guilty of no unnecessary delay in passing down the stream to put in his drag net and in emptying the same, he could lawfully continue his stationary net or stanner over and across the stream while thus employed, and that it was not necessary that both the drag net and the stationary net should be put into the stream at one and the same time." The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*L. Marrett*, for the plaintiff.

*N. St. J. Green*, for the defendant.

METCALF, J. By *St.* 1788, *c.* 68, § 3, (1 Special Laws, 239,) it was enacted that, " in order to secure to said towns of Cambridge, Charlestown and Medford their equal benefit" from the shad and alewive fishery, the inhabitants of Cambridge should, within the limits of that town, have full right to catch, with any kind of net, seine or other fishing implement, any shad or alewives, on Monday, Tuesday and Friday in every week, from the 1st of March to the 30th of June inclusively; and that the inhabitants of Charlestown and Medford should, in like manner, in their respective towns, have full right to catch any shad or alewives on Monday, Wednesday and Friday in every week included in said term. By *St.* 1820, *c.* 67, §§ 3, 4, (5 Special

Laws, 413, 414,) it was enacted that, " for the better securing to said towns of Cambridge, Charlestown," &c., " their equal ben- efit from said fishery," the inhabitants of Charlestown should be prohibited and restricted from setting or continuing any net, seine or other fishing implement " only while actually drawing or dragging for said fish," and that every person who should, within the town of Charlestown, set or continue any net, seine or other fishing implement which might stop or obstruct the passage of said fish, unless such persons at the same time should " be actually engaged in drawing or dragging for said fish," should, for each and every such offence, incur a certain penalty and forfeiture. It is provided, however, by the same section, that the foregoing prohibition and restriction should not be construed to deprive the said inhabitants of Charlestown " of the right of setting and having one stationary net or seine in Little River, at any and all times between the hours of twelve o'clock at noon and twelve o'clock on the following night, on all such days as are lawful for said inhabitants to take said fish." This proviso, however, does not justify the defendant in setting a stationary net in Little River, as it is alleged that he did, be- tween the hours of ten and eleven o'clock in the forenoon.

The only question before us is, whether the right instructions were given to the jury. We are of opinion that they were not. According to those instructions, it is manifest that on Mondays and Fridays any inhabitant of Charlestown (now Somerville) might wholly prevent the ascent of fish to Cambridge, by placing a stationary net across Little River, and thereafter continuously being engaged in fishing, without making any unnecessary delay in emptying his drag net, or in passing down from his stationary net for the purpose of putting in his drag net. The " equal benefit from the fishery " which it was the express purpose of the statutes to secure to the several towns named cannot be secured except by enforcing the *St.* of 1820 strictly according to its words, that is, by inflicting the prescribed penalty on any inhabitant of Charlestown (now Somerville) who shall set or continue any net " only while actually drawing or dragging for fish."

We assume, what was admitted by both parties at the argument, that the provisions of *Sts.* 1788 and 1820, as to the inhabitants of Charlestown, now extend to the inhabitants of the town of Somerville, which was formerly a part of Charlestown, and was incorporated as a separate town by *St.* 1842, *c.* 76.

*Exceptions sustained*

A new trial was had in the superior court at September term 1861, without a jury, when the same facts were proved of which evidence had been given at the former trial; and the defendant further offered to prove that it was impossible to fish with a stationary net or stanner by taking it from the stream between every drawing of the drag net, or in any other manner than the defendant was fishing at that time. But *Putnam,* J. excluded the evidence, and gave judgment for the plaintiff, and the defendant alleged exceptions, which were argued and decided in January 1862.

*Green,* for the defendant. The provisions of the *Sts.* of 1788 and 1820 have no application to the territory of Somerville or to the inhabitants thereof. *St.* 1842, *cc.* 24, 76.

The evidence offered was competent for the purpose of showing the true construction of the statute. A statute must have a reasonable construction, and not such a one as will defeat a right which it manifestly intends to grant, especially when fit words are used to express that intent.

*Marrett,* for the plaintiff.

METCALF, J. So far as *Sts.* 1788, *c.* 68, and 1820, *c.* 67, applied, when they were passed, to those who then were, or thereafter should be, inhabitants of Charlestown, they apply now to the inhabitants of that part of the territory which was then Charlestown, but which has since, by *St.* 1842, *c.* 76, been made a town named Somerville. This was admitted by the defendant at a former term, and he made no mistake in admitting it. The act incorporating Somerville did not give to its inhabitants any rights in the shad and alewive fishery which they had not before, nor exempt them from any restrictions to which they were before subject in taking fish; nor did it take from the inhabitants of Cambridge any rights in the fishery which they before had.

The evidence which the judge excluded was offered for the purpose of showing that the construction formerly given by this court to the *St.* of 1820, *c.* 67, was wrong, because it deprived the defendant of a right to fish with a stationary net across Little River. Our opinion then was, and still is, that the statute clearly prohibits the inhabitants of Charlestown (now Somerville) from fishing in the manner in which or at the time when the defendant did fish. And if the use of a stationary net under the statute restriction is impracticable, the court cannot relieve the defendant. The offered evidence was therefore irrelevant and immaterial, and was rightly excluded.

*Exceptions overruled.*